UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Glen Tyrone Goeloe, II,** *Plaintiff* § § § | |
| v. § § § | **Case No. 1:25-CV-01326-ADA-SH** |
| **TransUnion LLC et al.,** *Defendants* § § | |

## ORDER

Before the Court are Plaintiff's Motions for Leave to File First Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2), filed September 24, 2025 (Dkt. 7); a duplicative motion, filed October 3, 2025 (Dkt. 10); the associated response and reply briefs; and Plaintiff's Motion for Jury Trial Pursuant to Rule 39(b), filed September 24, 2025 (Dkt. 8).[1]

### I. Background

Plaintiff Glen Tyrone Goeloe II, proceeding *pro se*, filed an Original Petition in Texas state court alleging that TransUnion defamed him, then amended to delete the defamation claim and allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. Dkt. 1-1 at 3, 5. TransUnion removed the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1 at 2. No scheduling order has been issued.

Goeloe seeks leave to file an amended complaint under Rule 15(a) to clarify his FCRA claims "by providing Defendant with more specific notice of the factual and legal grounds at issue." Dkt. 7 at 2. As required under Local Rule CV-7(b), he attaches an executed copy of the proposed amended complaint as an exhibit to the motion for leave. Dkt. 7-1. Trans Union opposes the motion.

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 2.

## II. Motion for Leave to File Amended Complaint

Rule 15(a) permits a party to amend its pleading "once as a matter of course" within certain time periods after service, but afterward "only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). There is a bias in favor or granting leave to amend. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Martin's Herend Imps. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir.1999)).

A district court must provide a "substantial reason" to deny a party's request for leave to amend, such as undue delay, bad faith, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins.*, 898 F.3d 461, 477 (5th Cir. 2018). Absent a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

TransUnion makes several arguments that the Court should deny leave to amend, some clearly specious and none persuasive. First, TransUnion argues that amendment should be denied because Goeloe filed an amended petition in state court before removal. Rule 15(a) allows for more than one amendment. That Goeloe filed a previous amended petition in state court alone is not a substantial reason to deny leave. *See Morales v. Compass Grp. USA, Inc.*, No. EP-19-CV-274-PRM, 2020 WL 1862141, at *4 (W.D. Tex. Apr. 14, 2020) ("Because Plaintiff may cure defects in her premises liability claim by amendment, and only entered one previous amendment pursuant to the Court's Standing Order to Replead in Removal Cases, there are no substantial reasons to deny Plaintiff's Motion for Leave.").

TransUnion also contends that Goeloe is engaging in "shotgun pleading," which has been defined as filing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). In his proposed amended complaint, Goeloe alleges three claims under the FCRA against one defendant. Dkt. 7-1 at 7-12. The Court finds that this is not "shotgun pleading."

TransUnion also contends that amendment would cause undue delay or undue prejudice. This case is in its infancy, discovery has yet to begin, and no scheduling order has been entered. "[T]here is a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline." *Frantz Design, Inc. v. Diamond Orthotic Lab'y, LLC*, No. 1:19-CV-00970-ADA, 2020 WL 10314642, at *2 (W.D. Tex. May 26, 2020). The Court finds no undue delay or undue prejudice to TransUnion. *See N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins.*, 898 F.3d 461, 478 (5th Cir. 2018) ("The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." (citation omitted)); *Cross Trailers, Inc. v. Cross Trailer Mfg. & Sales, LLC*, No. W-16-CV-00418-JCM, 2017 WL 9472743, at *2 (W.D. Tex. Nov. 15, 2017) (finding that amendment would cause neither undue delay nor undue prejudice when the motion was filed before the deadline in the scheduling order, trial was five months away, and discovery was open).

Finally, TransUnion contends that leave should be denied because the proposed amendment is futile. An amendment is futile if it would not survive a Rule 12(b)(6) motion. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). TransUnion makes a conclusory argument that "the proposed amendment fails to assert a viable claim under the FCRA"

but identifies no deficiencies in it. Dkt. 11 at 5. The Court finds that Goeloe includes sufficient facts in his proposed amended complaint to allege plausible violations of the FCRA.

Because Trans Union presents no substantial reason to deny leave to amend, Goeloe's motion for leave must be granted. *Mayeaux*, 376 F.3d at 425.

### III.  Motion for Jury Trial Pursuant to Rule 39(b)

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. A party seeking a jury trial must make a demand no later than 14 days after the last pleading directed to the issue is served. FED. R. CIV. P. 38(b)(1). If parties do not demand a jury trial, the right is waived, but a court may order a jury trial on motion for any issue on which a jury might have been demanded. FED. R. CIV. P. 38, 39(b). A court "should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

TransUnion does not oppose Goeloe's request for a jury trial and the Court finds no reason to deny it. Goeloe's Motion for a Jury Trial is **GRANTED**.

### IV.  Conference Requirement

Finally, the Court reminds Goeloe that *pro se* litigants must abide by the rules that govern the federal courts. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). None of Goeloe's motions includes a certificate of conference, as required under Local Rule CV-7(g):

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made. . . . Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.

Any future motion filed in violation of this rule may be denied and subject the filer to sanctions. *Sanchez v. Wells Fargo Bank, N.A.*, No. SA-2-cv-00551-OLG, 2020 WL 10758049, at *3 (W.D. Tex. Dec. 9, 2020).

### V.  Order

The Court:

1. **GRANTS** Plaintiff's Rule 15(a)(2) Motion for Leave to file a second amended complaint. (Dkt. 7) and **ORDERS** the Clerk to file the second amended complaint (Dkt. 7-1);

2. **STRIKES** Plaintiff's duplicative Motion for Leave (Dkt. 10) pursuant to Rule 12(f); and

3. **GRANTS** Plaintif's Motion for a Jury Trial Pursuant to Rule 39(b) (Dkt. 8).

**SIGNED** on October 22, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE