**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Glen Tyrone Goeloe, II,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-cv-01326-ADA-SH** |
| | § | |
| **TransUnion LLC,** *Defendant* | § | |
| | § | |

**ORDER**

The parties have filed eleven discovery motions in the past three months, six in the past two weeks alone:

- Plaintiff's Emergency Motion to Quash or Modify Subpoena to Lightstream and, in the Alternative, for a Protective Order, filed July 7, 2026 (Dkt. 48);
- Plaintiff's Motion to Quash or Modify Defendant's Subpoena to American Express, filed July 8, 2026 (Dkt. 49);
- Defendant TransUnion LLC's Motion for Protective Order and Brief in Support, filed July 14, 2026 (Dkt. 50);
- Plaintiff's Opposed Motion for Leave to File Limited Sur-Reply, filed August 8, 2026 (Dkt. 56);
- Plaintiff's Opposed Motion to Compel Defendant's Responses to Plaintiff's First Requests for Production and Memorandum in Support, filed August 13, 2026 (Dkt. 57);
- Plaintiff's Motion for Sanctions Under Federal Rule of Civil Procedure 37(b), filed October 2, 2026 (Dkt. 63);
- Defendant TransUnion LLC's Second Motion for Protective Order and Brief in Support, filed October 9, 2026 (Dkt. 67);
- Defendant TransUnion LLC's Amended Second Motion for Protective Order and Brief in Support, filed October 12, 2026 (Dkt. 68);
- Plaintiff's Opposed Motion to Modify the Scheduling Order and Extend the Fact-Discovery and Dispositive-Motion Deadlines, filed October 12, 2026 (Dkt. 69)

- Plaintiff's Opposed Motion to Amend Rresponse to Request for Admission No. 29 Under Federal Rule of Civil Procedure 36(b) or, Alternatively, to Clarify the Scope of the Admission, filed October 13, 2026 (Dkt. 71); and

- Plaintiff's Opposed Motion to Compel Production Under His Second Requests for Production and Amended Responses to his First and Second Requests, filed October 13, 2026 (Dkt. 72).[1]

The extended fact discovery deadline expired October 13, 2026. Dkt. 47 at 1.

The Court "has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases." *Aguirre v. ISC Constructors, LLC*, 70 F. Supp. 3d 766, 781 (E.D. Tex. 2014) (citing *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005)). This may include limiting additional filings when the parties have burdened the court or frustrated timely disposition of matters. *Brown v. Gateway Mortg. Grp., LLC*, No. 3:23-CV-2826-S-BN, 2024 WL 1077603, at *2 (N.D. Tex. Mar. 5, 2024).

The Court can most efficiently address the parties' numerous pending discovery disputes with a pause on filing additional motions. Accordingly, the Court **ORDERS** that the parties may file briefs in response and reply to pending motions in accordance with the Local Rules but must request leave of Court before filing any new discovery motions. Failure to comply with the Court's order may result in the imposition of sanctions.

**SIGNED** on October 14, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

[1] The Honorable Alan D Albright (ret.) referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and Judge Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.